**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
(A Limited Liability Partnership formed in Pennsylvania)
BY:   LATHROP B. NELSON, III, LN-8298
Liberty View, Suite 600
457 Haddonfield Road
Cherry Hill, New Jersey  08002
(856) 488-7700
ATTORNEYS FOR PLAINTIFF MICROSOFT CORPORATION

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | |
| ATL GROUP INTERNATIONAL CORP., a New Jersey corporation; and BRYANT MITCHELL, an individual, | |
| Defendants. | |

## COMPLAINT

Microsoft Corporation ("Microsoft") brings this action against Defendants ATL Group International Corp., a New Jersey corporation, and Bryant Mitchell, an individual (collectively "Defendants"), alleging that they engaged in trademark infringement; false designation of origin, false description and representation; violation of the Anti-Counterfeiting Amendments Act of 2004; unfair competition; and unjust enrichment.  Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1. Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington 98052.  Microsoft develops, markets, distributes and licenses computer software.

2. Upon information and belief, defendant ATL Group International Corp., is a New Jersey corporation that does business at 418 John Street, South Amboy, New Jersey 08879

("ATL Group").  ATL Group is engaged in the business of advertising, marketing, copying, offering, and/or distributing software, including purported Microsoft software components.

3. Upon information and belief, Bryant Mitchell resides at 418 John Street, South Amboy, New Jersey 08879, and is an owner, officer and/or director of ATL Group and (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.  Upon information and belief, Bryant Mitchell (a) has an apparent partnership or authority to bind ATL Group in transactions, or (b) exercised joint ownership or control over the infringing items alleged in this Complaint.  Upon information and belief, Bryant Mitchell transacts business in this district.

4. Upon information and belief, each of the Defendants was, at all times mentioned in this Complaint, acting as the agent, employee, or alter ego of every other Defendant, and in doing the things mentioned herein, was acting within the course and scope of such agency, employment, or other relationship and with knowledge and consent of each of the other Defendants.

## JURISDICTION

5. This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, violation of the Anti-Counterfeiting Amendments Act of 2004, and related claims pursuant to 15 U.S.C. § 1121, 18 U.S.C. § 2318, and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of New Jersey pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) Defendants reside in the District of New Jersey, and/or (b) a substantial part of the events giving rise to Microsoft's claims occurred in the District of New Jersey.

## FACTS COMMON TO ALL CLAIMS

8.  Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Depending on the version, Microsoft's software is distributed recorded on discs, made available by Microsoft for download, or made available by Microsoft for pre-installation. Microsoft software is distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, Certificate of Authenticity labels, product keys and other related components.

9.  Microsoft Certificates of Authenticity labels are currency-like certificates or labeling components that are distributed with Microsoft software in order to help end-users verify whether they have genuine Microsoft software.

10. A Microsoft product key is a 25-character alphanumeric string generated by Microsoft. Because Microsoft's software is capable of being installed on a potentially unlimited number of computers, Microsoft relies on the unique product keys, and in some cases activation features within its software, to prevent or at least restrict the unauthorized copying of infringing copies of its software.

11. Microsoft Windows 7: Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows 7 ("Windows 7"). Windows 7 is an operating system. Microsoft holds a valid copyright in Windows 7 that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows 7, bearing the number TX 7-009-361, is attached hereto as Exhibit 1 and is incorporated by reference.

12. Office 2013: Microsoft Office 2013 ("Office 2013") is a suite of popular Microsoft software programs. Microsoft holds a valid copyright in Office 2013 that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Office 2013, bearing the number TX 7-649-882, is attached hereto as Exhibit 2 and is incorporated by reference.

13. Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

    A.    "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236;

    B.    "WINDOWS," Trademark Registration No. 1,872,264; and

    C.    OFFICE 2012 DESIGN, Trademark Registration No.4,459,826;

    D.    OFFICE 2012 DESIGN WITH TEXT, Trademark Registration No. 4,456,462.

True and correct copies of the Trademark Registrations for A through D above are attached hereto as Exhibits 3 through 6, respectively, and are incorporated by reference.

**Defendants' Infringement**

14. Defendants advertised, marketed, copied, offered, and/or distributed unauthorized copies of Microsoft software components after Microsoft notified them of the consequences of infringing Microsoft's copyrights, trademarks and/or service mark.

15. On information and belief, Defendants advertise, market, copy, offer, and/or distribute purported Microsoft software components.  In their advertisements, Defendants use copies of Microsoft's trademarks and copyrighted works without authorization, misappropriating and/or infringing Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks and/or service mark.  Defendants indicate that they are distributing genuine Microsoft software components.  However, the Microsoft software components distributed by Defendants are actually counterfeit, illicit and/or unauthorized.

16. In January 2013, Defendants distributed to a customer a counterfeit and illicit Windows 7 Certificate of Authenticity label.

17. By letter dated July 16, 2013, Microsoft put Defendants on notice that they were distributing counterfeit Microsoft software components.  Microsoft asked Defendants to cease and desist from all infringing activity.

18. Nevertheless, Defendants continued to distribute counterfeit, illicit and unauthorized Microsoft software components.  Starting in April 2014, Defendants distributed over 400 counterfeit Office 2013 product key cards to a customer.  In February 2015, Defendants distributed over 100 counterfeit, illicit and/or unauthorized Office 2013 Certificate of Authenticity labels to a customer.  And in February and March 2015, Defendants distributed hundreds of Microsoft product keys to a customer with no accompanying software.

19. On information and belief, these are not isolated incidents; rather, Defendants are participants in a scheme to advertise, market, copy, offer, and/or distribute unauthorized Microsoft software components.  This conduct also results in the end customer making counterfeit and infringing copies of Microsoft software.

20. On information and belief, Defendants have been and continue to be involved in advertising, marketing, copying, offering, and/or distributing counterfeit, illicit and/or unauthorized Microsoft software components to unidentified persons or entities.

21. On information and belief, Defendants have committed and are continuing to commit acts of trademark infringement against Microsoft.  On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered trademarks and service marks.

22. On information and belief, Microsoft has been harmed by Defendants' activities, including their advertising activities and unauthorized use of Microsoft's protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing.

**First Claim**
**[Trademark Infringement – 15 U.S.C. § 1114]**
**Against Defendants**

23. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 22, inclusive.

24. Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

25. Because Microsoft advertises, markets, distributes, and licenses its software components under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software components are distinguished from the software and related items of others in the same or related fields.

26. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software components or services of Microsoft.

27. The infringing materials that Defendants have and are continuing to advertise, market, copy, offer, and/or distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

28. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, copying, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

29. Upon information and belief, Defendants advertised, marketed, copied, offered and/or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

30. Defendants had reason to know about infringement of Microsoft's federally registered trademarks and service mark and caused, induced, or materially contributed to it.

31. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

32. As a result of their wrongful conduct, Defendants are liable to Microsoft for direct, contributory and/or vicarious trademark infringement. 15 U.S.C. § 1114(1). Microsoft

has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  15 U.S.C. § 1117(a).

33.     In addition, because of Defendants' infringement of Microsoft's trademarks and service mark as described above, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

34.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, copied, offered and/or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A).  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

35.     Microsoft is also entitled to recover its attorneys' fees and costs of suit.  15 U.S.C. § 1117.

**Second Claim**
**[False Designation Of Origin, False Description And Representation –
15 U.S.C. § 1125 et seq.]
Against Defendants**

36.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 35, inclusive.

37.     Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark

are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

38. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

39. Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs.

40. Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

41. Upon information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, copied, offered and/or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation.  Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

42. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

43. As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages.  Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, copied, offered and/or distributed by Defendants.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market

-8-
4197946v1

value, (b) Defendants' advertising, marketing, copying, and/or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, are continuing.

### Third Claim
**[Violation of the Anti-Counterfeiting Amendments Act of 2004 –18 U.S.C. § 2318, et seq.]**
**Against Defendants**

44. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 43, inclusive.

45. Defendants knowingly trafficked, and on information and belief, continue to traffic in illicit labels, in violation of 18 U.S.C. § 2318.

46. Defendants, without Microsoft's authorization, distributed or intended for distribution Certificates of Authenticity labels without the copies of the software programs that such certificates or labeling components were intended by Microsoft to accompany.

47. Microsoft has no adequate remedy at law for Defendant's wrongful conduct, and Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

48. Microsoft is entitled to injunctive relief and to an order impounding all articles in the custody or control of Defendants that the Court has reasonable cause to believe were or are involved in the trafficking of counterfeit or illicit Certificate of Authenticity labels.

49. As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages.

50. In addition, Microsoft should as the injured party be awarded attorneys' fees and costs.

### Fourth Claim
**[Unfair Competition Pursuant to N.J.S.A. § 56:4-1]**
**Against Defendants**

51. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 50, inclusive.

52.     The acts and conduct of the Defendants as alleged in this Complaint constitute unfair competition as defined by New Jersey law.  N.J.S.A. § 56:4-1.

53.     The acts and conduct of the Defendants are likely to cause confusion and mistake among customers, end users and the public as to the origin or association of the Defendants' infringing Microsoft software components.  These acts and conduct are likely to lead the public to conclude, incorrectly, that the infringing Microsoft software components distributed, solicited for distribution, offered, advertised and marketed by the Defendants originate with, are sponsored by or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees and the public.

54.     Defendants' conduct as alleged above has damaged and will continue to damage Microsoft and has resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

<u><b>Fifth Claim</b></u><br><b>[New Jersey Common Law Unfair Competition]</b><br><b>Against Defendants</b>

55.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 54, inclusive.

56.     The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of New Jersey.

57.     The acts and conduct of Defendants are likely to cause confusion and mistake among customers, end users and the public as to the origin or association of Defendants' infringing Microsoft software components.  These acts and conduct are likely to lead the public to conclude, incorrectly, that the infringing Microsoft software components copied, distributed, solicited for distribution, offered, advertised and marketed by Defendants originate with, are sponsored by, or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees and the public.

58.     Defendants' conduct as alleged above has damaged Microsoft and resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

**Sixth Claim**
**[Unjust Enrichment]**
**Against All Defendants**

59. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 58, inclusive.

60. Defendants offered, distributed and/or continue to distribute for financial gain unauthorized Microsoft components to third parties.

61. Defendants unlawfully benefited from offering and/or distributing unauthorized Microsoft components to third parties.

62. Under the circumstances described above, it would be unjust for Defendants to retain the benefit they received from the offering and distribution of unauthorized Microsoft components to third parties without paying for it.

63. Defendants' offering and/or distribution of unauthorized Microsoft software components for financial gain constitutes unjust enrichment and has damaged Microsoft.

**Seventh Claim**
**[For Imposition Of A Constructive Trust Upon Illegal Profits]**
**Against Defendants**

64. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 63, inclusive.

65. Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software components approved or authorized by Microsoft.

66. By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

67. Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

4197946v1

68.     Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

## Eighth Claim
## [Accounting]
## Against Defendants

69.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 68, inclusive.

70.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

71.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

72.     The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, copied, offered and/or distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1)     That the Court enter a judgment against Defendants as indicated below:

(a)     that Defendants have willfully infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

(1)     1,200,236 ("MICROSOFT");

(2)     1,872,264 ("WINDOWS");

(3)     4,459,826 (OFFICE 2012 DESIGN);

(4)     4,456,462 (OFFICE 2012 DESIGN WITH TEXT);

(b)     that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

    (c)  that Defendants have violated the Anti-Counterfeiting Amendments Act of 2004 –18 U.S.C. § 2318, et seq.;

    (d)  that Defendants have engaged in unfair competition in violation of N.J.S.A. § 56:4-1 and New Jersey common law;

    (e)  that Defendants have been unjustly enriched; and

    (f)  that Defendants have otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

  (2)  That the Court issue injunctive relief against Defendants, and that Defendants, their officers, agents, servants, employees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

    (a)  imitating, copying, or making any other infringing use or infringing distribution of the software, components, end user license agreements ("EULA"), Certificates of Authenticity ("COAs") and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

      (1)  1,200,236 ("MICROSOFT");

      (2)  1,872,264 ("WINDOWS");

      (3)  4,459,826 (OFFICE 2012 DESIGN);

      (4)  4,456,462 (OFFICE 2012 DESIGN WITH TEXT);

and any other items or works now or hereafter protected by any Microsoft trademark or service mark;

    (b)  manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks or service marks, including, but not limited to, the Trademark and Service Mark, and listed in Sections (2)(a) above;

4197946v1

    (c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks or service mark, including, but not limited to the Trademark and Service Marks listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, EULA, COA, and/or item not authorized or licensed by Microsoft;

    (d) using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

    (e) engaging in any other activity constituting an infringement of any of Microsoft's trademarks and service marks, or of Microsoft's rights in, or right to use or to exploit, these trademarks and service marks, including the distribution of any unauthorized product keys or others components which would facilitate (a) through (d) above; and

    (f) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

  (3) That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) impounding all counterfeit and infringing copies of purported Microsoft software components and/or materials bearing any of Microsoft's trademarks or service mark, and any related items, including business records, that are in Defendants' possession or under their control;

  (4) That the Court enter an order that Defendants' websites and/or the corresponding domain names, or any subset of them specified by Plaintiff, be disabled by the appropriate domain name registries and/or the registrars holding or listing the domain names of the websites.

  (5) That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from the

distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

      (6)    That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

          (a)    Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark;

          (b)    Microsoft's damages and Defendants' profits, pursuant to 18 U.S.C. § 2318(f)(3), for Defendants' knowing trafficking in counterfeit and/or illicit Certificate of Authenticity Labels, or, in the alternative, statutory damages, pursuant to 18 U.S.C. § 2318(f)(4);

          (c)    Microsoft's damages and Defendants' profits, trebled pursuant to N.J.S.A. § 56:4-2 and New Jersey common law; and

          (d)    Damages for Defendants' unjust enrichment in an amount to be proven at trial.

      (6)    That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

      (7)    That the Court grant to Microsoft such other and additional relief as is just and proper.

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

Dated:  October 26, 2016

By: /s/ Lathrop B. Nelson, III
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, NJ  08002-5074
Tel:  (856) 488-7700

*Attorneys for Plaintiff*
*Microsoft Corporation*

4197946v1